IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, Receiver,

       Plaintiff,      Case No. 3:05 CV 2717

 -vs-

                 O  R  D  E  R

C.M. LIFE INSURANCE CO.,

       Defendant.

KATZ, J.

  In the instant action, the Receiver initiated suit against the Defendant insurer relative to a Grunberg policy which is alleged to be a "wet ink" policy and seeks to have it declared void *ab initio*. Defendant insurer moved for leave to file a counterclaim on a different policy issued by Defendant C.M. Life Insurance Company, whose proceeds were paid to the Receiver in 2001. Leave was granted to file the counterclaim on February 28, 2006 and Plaintiff filed the instant motion for reconsideration on March 14, 2006.

  This matter is now before the Court on Plaintiff's motion for reconsideration, Defendant's brief in opposition and Plaintiff's reply thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## MOTION FOR RECONSIDERATION

*A. Standard*

  Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990).

The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). A district court is vested with considerable discretion in making this determination. *See Lavaspere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied,* 510 U.S. 859 (1993). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991).

*B. Liberte Litigation Background*

In July 1999, this Court appointed a receiver in *Liberte Capital Group v. Capwill, et al.,* 5:99 CV 818 (N.D. Ohio) and ordered the following:

> It is further ORDERED that all creditors, claimants, bodies politic, parties in interest, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against said VES and/or CFL, or their property, or against the Receiver in any court. Said entities are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of the said Receiver, and from doing any act or thing

whatsoever to interfere with the Receiver in the discharge of his duties in this proceeding with the exclusive jurisdiction of this Court over said properties and said Receiver.

(Doc. No. 132, pp. 5-6.)

Nearly two years later in the *Liberte* litigation and at the request of the Alpha Capital Group, this Court entered identical language to preserve and protect the assets for the benefit of the creditors and investors thereto. (*Id.* Doc. No. 1416.) A challenge of a similar nature of the one asserted in herein was also raised by Reassure America Life Insurance Company and Valley Forge Life Insurance Company in the *Liberte* action when these insurers filed suit in a Delaware state court and the Receiver herein moved for injunctive relief against these actions. The Court took note of the parties positions as follows:

> The Court is mindful of the fact that many insurance policies in the Receivership portfolios were fraudulently obtained. Indeed, the rescission of fraudulent policies accounts for a portion of the losses sustained by the investors in this case. Accordingly, the Court has recognized the legitimate rights of insurers to contest the validity of policies within the Receiverships' portfolios or otherwise challenge their financial obligations thereunder. The invalidation of a fraudulent policy does not diminish the value of the Receivership estate because such a policy is void *ab initio*, and therefore, any previously recognized value was merely illusory from its inception. Accordingly, on April 13, 2001, this Court made clear that, despite the general injunction referenced above, insurers are entitled to litigate the value of the non-matured policies within the Receivership estates (*Jamieson* Doc. No. 149). On its face, that Order limited the exception to suits "against the Receiver or any transferee of the Receiver." . . .
>
> Additionally, this Court has never authorized claims against the cash assets in the Receivership estate, including claims against proceeds deriving from fraudulently obtained life insurance policies. In fact, this Court specifically held that any challenge to the validity of a life insurance policy within the Receivership portfolio must be raised prior to the viator's death, if at all stating:

"[T]he Receiver shall be permitted to accept death benefits on any mature policy, providing he has not received a *prior* notice of rescission or cancellation from any insurance company and that said plicy has not been the subject of a prior order of any court of competent jurisdiction declaring such policy to be void due to fraud on the insurer." (*Jamieson* Doc. No. 149, emphasis added.)

> The suit filed by the insurers in Delaware State Court clearly exceeds the scope of the limited litigation authorization established by this Court, both because it names as defendants improper parties with no interest in the policies at issue, and because it asserts claims against the cash assets of the Receivership estates.

*(Liberte* Doc. No. 2234[1], pp.2-4.)

With this background in mind, the Court now turns to the parties' positions.

*C. Discussion*

The Receiver objects to the counterclaim on the basis that is asserted in violation of previous Court orders entered in the *Liberte* action. The Receiver's position is that leave of Court must be filed in the *Liberte* case and that the above-referenced orders prohibit pursuit of this counterclaim herein. In contrast, the Defendant contends that leave of court is not required as this counterclaim falls within the statutory exception and alternatively, that the prohibiting this counterclaim denies the Defendant due process of law.

Turning to the statutory exception, under 28 U.S.C. § 959(a):

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial b y jury.

It has been held that this "carrying on business" exception is intended to permit actions committed in furtherance of the business but has been held inapplicable to suits which administer or liquidate an estate. *See In re American Assoc. Sys., Inc.,* 373 F.Supp. 977, 979 (E.D. Ky. 1974); *Valdez v. MGS Realty and Mgmt. Corp.,* 2000 WL 511024 *5 (S.D.N.Y. 2000). *See also* 65 Am Jur.2d

---

[1] The Court notes that this decision is presently on appeal in the Sixth Circuit, *Liberte v. Capwill,* Case No. 05-3510 and oral argument was heard on March 17, 2006.

*Receivers* §§ 390-391 (2001). As the Defendant has not demonstrated that its suit falls within the statutory exception, it is not empowered to file the counterclaim pursuant to § 959(a).

Next, the Defendant contends that the aforementioned *Liberte* orders effectively deny it due process of law by denying access for redress of the Receiver's actions. Due process has been characterized as the right to notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972). The blanket prohibition on suits outside of the statutory exception does not preclude Defendant from seeking an exception to that prohibition in the *Liberte* case. It is axiomatic that absent a statutory exception, leave of the appointing court must be sought to pursue an independent action to accommodate all claims possible in the receivership action under the supervision of the appointment court, and to render the receiver answerable solely to that court. *See generally* 13 James Wm. Moore, MOORE'S FEDERAL PRACTICE, § 66.08[2][b] (3d ed. 2005). Thus, the Defendant's ability to seek leave of the appointing court in the *Liberte* action negates due process concerns.

Based upon the previous order entered in the *Liberte* action, this Court will exercise its discretion and grant the motion for reconsideration as to do otherwise would clearly result in manifest injustice. This does not preclude the Defendant from seeking leave in the *Liberte* case to pursue an independent action regarding its counterclaim.

## CONCLUSION

For the reasons stated above, the Plaintiff's motion (Doc. No. 33) is well taken and the Court vacates, in part, its February 28, 2006 (Doc. No. 15) order granting Defendant leave to file the amended counterclaim. The Clerk is instructed to strike the amended counterclaim (Doc. No. 16) as improvidently filed.

A telephonic status conference is scheduled for June 12, 2006 at 9:30 a.m. for purposes of addressing Defendant's motion for reconsideration regarding discovery relating to the Rasnick policy.

IT IS SO ORDERED.

                                                             s/ *David A. Katz*
                                                             DAVID A. KATZ
                                                             U. S. DISTRICT JUDGE